BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-04-0230-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 23, 2004


______________________________



ROSE M. YOUNG, a.k.a. GRAVES,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-404531; HON. JIM BOB DARNELL, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Rose M. Young, a.k.a. Graves (appellant) appeals her conviction for the
manufacture and delivery of a controlled substance and possession with intent to deliver
a controlled substance. The clerk's record was filed on August 9, 2004, and the reporter's
record was filed on September 30, 2004. Thus, appellant's brief was due November 1,
2004. That date passed without appellant filing a brief, however. So, on November 9,
2004, this Court notified appellant that neither the brief nor an extension of time to file it
had been received by the court. Appellant was also admonished that if he did not respond
to the court's letter by November 19, 2004, the appeal would be abated to the trial court. 
On November 19, 2004, counsel for appellant filed a motion for extension of time to file
appellant's brief, which was granted to December 15, 2004, with the admonition that no
further extensions would be granted. No brief was filed by that date. Yet, a week after the
deadline passed, that is, on December 22, 2004, counsel for appellant again moved for
and extension of time, contending that he had deadlines approaching in three other cases. 
Why appellant's counsel deemed the briefing deadline in this appeal secondary to those
in the three other matters he mentioned went unexplained; this omission is of particular
import given that appellant's counsel has had over two and one-half months to compile a
brief. 

 Consequently, we abate this appeal and remand the cause to the 140th District
Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following:

 1. whether appellant desires to prosecute the appeal;

 

 2. whether appellant is indigent and entitled to appointed counsel; and,


 3. whether appellant has been denied the effective assistance of
counsel due to appellate counsel's failure to timely file an appellate
brief. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35,
83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is
entitled to the effective assistance of counsel on the first appeal as of
right and that counsel must be available to assist in preparing and
submitting an appellate brief). 

 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, has appointed counsel, and has been denied effective
assistance of counsel, or has no counsel, then we further direct it to appoint new counsel
to assist in the prosecution of the appeal. The name, address, phone number, telefax
number, and state bar number of the new counsel, if any, who will represent appellant on
appeal must also be included in the court's findings of fact and conclusions of law. 
Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's
record containing the findings of fact and conclusions of law and 2) a reporter's record
transcribing the evidence and argument presented at the aforementioned hearing. 
Additionally, the trial court shall cause the supplemental clerk's record to be filed with the
clerk of this court on or before January 21, 2005. Should additional time be needed to
perform these tasks, the trial court may request same on or before January 21, 2005.

 It is so ordered.


 Per Curiam

Do not publish.